# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS J. SORIANO, | : | CIVIL NO: 1:13-CV-1333 |
| Plaintiff, | : | |
| v. | : | (Judge Conner) |
| CAPITAL BLUE CROSS, | : | |
| | : | (Magistrate Judge Schwab) |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

**I.** **Introduction**.

On May 16, 2013, the plaintiff, Carlos Soriano ("Soriano"), initiated this action by filing a complaint (*Doc.* 1) and a motion to proceed *in forma pauperis* (*Doc.* 2). Having reviewed Soriano's motion to proceed *in forma pauperis*, we recommend that it be granted, but as part of our statutorily-mandated screening process for litigants proceeding *in forma pauperis*, Soriano's complaint should be dismissed, without prejudice, for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Should Soriano endeavor to correct the defects cited in this Report and Recommendation, he must act within 21 days of any dismissal order.

## II. Soriano's Complaint – *Doc.* 1.

In the complaint, Soriano, proceeding *pro se*, names Capital Blue Cross as the sole defendant. *Doc.* 1. Also, Soriano brings this lawsuit intending that it arises under one of the civil rights statutes. *See id.* at 1. Soriano, though, does not list a particular statute or even attempt to set forth what type of civil action this lawsuit entails. To add further confusion, Soriano provides an extremely vague description of his lawsuit, by stating the following:

> [In] March 1992, I was hired by the defendant. Than [sic] on Feb. 13, 2011, I was fired by defendant for filing a complaint with human relations. Than [sic] human relations gave me the right to [submit] my case to the EEOC and than [sic] 6 months later gave me the rights [sic] to a federal lawsuit. The charge numbers are 17F-2012-60823 and … 17F-2012-60528. I also have the name of my EEOC representative ….

*Id.* at 1-2. In addition, Soriano prays that "[t]here will be justice and a settlement and hope that this will not happen to anyone else." *Id.*

## III. Legal Standard for Screening *Pro Se In Forma Pauperis* Complaints.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may authorize the commencement of a civil suit, without prepayment of fees, by a "person" who submits an affidavit that includes a statement that the person is unable to pay such

fees.[1] Moreover, the statute authorizes the dismissal of a case, at any time, if the Court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Thus, this Court must engage in a two-step analysis.

First, the Court must evaluate the litigant's financial status and determine whether he is eligible to proceed *in forma pauperis*. *Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990). The litigant seeking such status must establish that he is unable to pay the costs of his suit. *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Ordinarily, where an affidavit of poverty is filed, the plaintiff should be accorded a preliminary right to proceed *in forma pauperis*. *Lawson v. Prasse*, 411 F.2d 1203 (3d Cir. 1969).

Second, a court must review the complaint of a plaintiff seeking to proceed *in forma pauperis*, prior to service of process, under 28 U.S.C. § 1915(e). If the court determines that an action fails to state a claim on which relief may be granted, dismissal of that claim is required. 28 U.S.C. § 1915(e)(2)(B)(ii). The standard of review for failure to state a claim in this context is the same as the standard governing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal

---

[1] This statute is not restricted to prisoner lawsuits. *Powell v. Hoover*, 956 F.Supp. 564, 566-67 (M.D.Pa. 1997).

Rules of Civil Procedure. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir. 2002).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, – U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint"s bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ...

plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). As the Supreme Court held in *Twombly*, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." *Id*. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then

> determine whether they plausibly give rise to an entitlement to relief.

*Id*. at 679.

Thus, following *Twombly* and *Iqbal* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the Third Circuit has stated:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler*, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Iqbal*, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' *Id*. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement for relief." *Id.*" *Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court"s jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. In this regard, one of the basic requisites for a civil complaint is that it must recite some essential facts. This fundamental requirement is driven both by matters of principle, and by pragmatic considerations. As a matter of principle and practice, a basic factual recital is essential in a complaint because it is simply impossible without such averments to properly assign individual responsibility to a particular defendant. Therefore, it is incumbent upon a plaintiff to legibly describe who he seeks to sue, and what these parties did that violated the plaintiff's rights. When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims. *See, e.g., Moss v. United States*, 329 F. App'x 335 (3d Cir. 2009) (dismissing illegible complaint); *Radin v. Jersey City Medical*

7

*Center*, 375 F. App'x 205 (3d Cir. 2010); *Earnest v. Ling*, 140 F. App'x 431 (3d Cir. 2005) (dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); *Oneal v. U .S. Fed. Prob.*, CIV.A. 05–5509(MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006) (dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); *Gearhart v. City of Philadelphia Police*, CIV.A.06–0130, 2006 WL 446071 (E.D.Pa. Feb.21, 2006) (dismissing illegible complaint).

Last, a complaint filed by a *pro se* litigant is to be liberally construed and held to a less stringent standard than formal complaints drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 10-4710, 2013 WL 57895 at *4 (3d Cir. Jan. 7, 2013).

**A. Soriano's Complaint Should be Dismissed for Failure to Comply with Rule 8 of the Federal Rules of Civil Procedure**.

Although, we recommend granting Soriano"s motion to proceed *in forma pauperis*, we nevertheless recommend that the complaint be dismissed because Soriano failed to comply with Rule 8"s basic tenet that: "A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, dismissal under Rule 8 is proper

8

when a complaint "[leaves] the defendants having to guess what of the many things discussed constituted [a cause of action];" *Binsack v. Lackawanna County Prison*, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. *Tillio v. Spiess*, No. 11-1276, 2011 WL 3346787 (3d Cir. Aug. 4 2011).[8]

Here, we find that Soriano's complaint should be dismissed. Soriano leaves the defendant guessing as to the cause(s) of action raised in the complaint. As mentioned, Soriano has not set forth what type of civil rights law this lawsuit embraces, and he has not set forth any factual allegations showing how he is entitled to relief. Instead, Soriano "baldly asserts" that he was fired for filing a complaint with "human relations," and attaches to his complaint two "Dismissal and Notice of Rights" forms (*See Doc.* 1-2.), which fail to shed any additional light on his case. Thus, Soriano has failed to comply with the strictures of Rule 8, and, accordingly, his complaint should be dismissed, without prejudice.

## VI. **Recommendation.**

Hence, for the foregoing reasons, IT IS RECOMMENDED that:

---

[8] In the first instance, Rule 8 dismissals are often entered without prejudice to allowing the litigant the opportunity to amend and cure any defects. In such instances, the failure to timely submit a proper amended complaint that complies with the strictures of Rule 8 may then warrant the dismissal of the complaint with prejudice. *See, e.g., Moss v. United States*, 329 F. App'x 335 (3d Cir. 2009) (dismissing illegible complaint); *Mincy v. Klem*, 303 F.App'x 106 (3d Cir. 2008); *Rhett v. New Jersey State Superior Court*, 260 F.App'x 513 (3d Cir. 2008).

(1) Soriano's motion to proceed *in forma pauperis* (*Doc.* 2) be **GRANTED**; and

(2) Soriano's complaint (*Doc.* 1) be **DISMISSED**, with leave to amend, for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **16th** day of **May, 2013**.

*S/ Susan E. Schwab*
**Susan E. Schwab**
**United States Magistrate Judge**